IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
     v.                       )       2:17cr509-MHT
                              )            (WO)
WILBUR BERNARD WILLIS         )
```

OPINION AND ORDER

This cause is before the court on the motion to continue made by defendant Wilbur Bernard Willis on May 30, 2018. For the reasons set forth below, the court finds that jury selection and trial, now set for July 18, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the

> date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Willis in a speedy trial. As the motion explains, although Willis was indicted

last year, defense counsel was appointed only on May 18, 2018. Defense counsel avers that she needs additional time to research and investigate legal and factual issues pertinent to the case; to obtain criminal records necessary to advise Willis accurately as to his potential guidelines sentencing range; to gather health and treatment records and retain an expert to evaluate Willis in light of his history of addiction; and to determine in light of the evaluation potential defense theories and sentencing recommendations. Given the breadth of work contemplated and its potential importance, a continuance is warranted and necessary to allow defense counsel to prepare adequately and effectively for the jury selection and trial in this case. Furthermore, the government does not object to a continuance.

**\*\*\***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance (doc. no. 24) is granted.

(2) The jury selection and trial, now set for July 18, 2018, are reset for September 4, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 1st day of June, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**